

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-22-2008

# In Re: Alton Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1039

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Alton Brown " (2008). *2008 Decisions.* Paper 1539.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1539

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1039

_____

IN RE:    ALTON D. BROWN,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 07-cv-04675)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 30, 2008

Before: SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges.

(Filed: February 22, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Alton Brown, an inmate incarcerated at a correctional facility in Graterford,

Pennsylvania, alleges that he filed a complaint for relief from inadequate and unsanitary

meals in the District Court on November 1, 2007, together with a motion for leave to

proceed in forma pauperis, a motion requesting a temporary restraining order and a

preliminary injunction.  His motion for leave to proceed in forma pauperis was docketed

in the District Court on November 7, 2007. Brown now petitions this Court for a writ of mandamus ordering that the District Court act on his pending motions.

Mandamus is an appropriate remedy in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To prevail, the petitioner must establish that he has "no other adequate means" to obtain relief, and that he has a "clear and indisputable" right to issuance of the writ. Id. at 378-79. A federal appellate court may issue a writ of mandamus on the grounds that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996); however, the manner in which a district court controls its docket is discretionary. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

Brown has demonstrated neither that he has no other adequate means for relief, nor that his right to the writ is clear and indisputable. Brown's motion to proceed in forma pauperis has been pending in the District Court for a mere two months; his motions for a temporary restraining order and for a preliminary injunction have been pending for three months. We are confident that the District Court will timely take action in this case. Accordingly, we will deny the petition.